# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JASMINE A. SIMMONS**                                                        **PLAINTIFF**

**V.**                                **CAUSE NO. 3:18-CV-714-CWR-LRA**

**THE CITY OF JACKSON, MISSISSIPPI;**                    **DEFENDANTS**
**THE CITY OF JACKSON POLICE**
**DEPARTMENT; JOHN DOES 1-10**

## ORDER

Before the Court is the defendants' motion for summary judgment. Docket No. 25. The legal standard is well-established and need not be repeated.

Jasmine A. Simmons was arrested on June 12, 2018, after an Amber Alert was issued listing her name as the suspect in a missing-child investigation. The true perpetrator of the crime was *Jazzlyn* Simmons – not the plaintiff – but the police did not know that at the beginning of their investigation.

The Jackson Police Department dispatched officers to both Simmons' addresses to search for the suspect and missing child. An officer arrested the plaintiff, handcuffed her, and started driving her downtown. During the ride, though, the child was found and *Jazzlyn* Simmons made arrangements to surrender. The officer turned the car around and returned the plaintiff to her home. This suit followed.

Although the experience was undoubtedly stressful and unfortunate, on review, the plaintiff has not shown that the City of Jackson is liable to her for a constitutional violation. She has no evidence that the City has a policy or custom of arresting innocent persons who bear the name of a wanted suspect.

Acknowledging this hurdle, Simmons contends that the City is liable because a final policymaker personally ordered her arrest, which if true, would subject the City to liability. The problem there is that the official she identified as being responsible for ordering her arrest – Deputy Chief of Major Investigations Tyrone Buckley – is not the final policymaker responsible for JPD's arrest policy.

The plaintiff's argument "conflates policymaking authority with decision-making authority, something [Fifth Circuit] caselaw counsels against. A true policymaker must 'decide the goals for a particular city function and devise the means of achieving those goals.'" *Webb v. Town of Saint Joseph*, 925 F.3d 209, 217 (5th Cir. 2019) (citations omitted). An official with decision-making authority, in contrast, carries out those goals. *Id.* A subordinate's use of discretion in carrying out City policy does not open the door to *Monell* liability. *Id.*

The final policymaker for the Jackson Police Department's arrest procedures is the Chief of Police. *See Cox v. City of Jackson*, 343 F. Supp. 2d 546, 565 (S.D. Miss. 2004).[1] The plaintiff has no evidence or legal authority to the contrary. The Chief of Police did not order the arrest of the plaintiff. As a result, the City has no constitutional liability in this matter. That resolves the plaintiff's federal claims.

The Court declines to take up the plaintiff's remaining state-law causes of action, mindful of the "general rule" that "courts should decline supplemental jurisdiction [over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006).

---

[1] In its reply, the City maintains through the affidavit of the Chief of Police that the Chief is the policymaker for the City of Jackson. Docket No. 30-1; *see also K.B. v. Adams*, No. 3:18-CV-644-CWR-LRA, Docket No. 129-7 (S.D. Miss. filed Dec. 18, 2019).

The motion for summary judgment is granted. A separate Final Judgment shall issue this day. Pursuant to 28 U.S.C. § 1367(c), the plaintiff's federal claims against the City of Jackson will be dismissed with prejudice, while her state-law claims will be dismissed without prejudice.

**SO ORDERED**, this the 24th day of February, 2020.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE